E. C. HILL, Respondent, v. C. C. C. MINING COMPANY,
Appellant.

### St. Louis Court of Appeals, May 17, 1898.

Instruction: SALE. Where it is conceded that the plaintiff delivered
the amount of wood claimed; that it had been used by defendant,
and that plaintiff had not been paid for it; and the defense is that
the plaintiff sold the wood to Hamer; that the defendant had re-
ceived it from Hamer as his property and had entered the amount
to his credit on the books of defendant, it is *held* that the following
instruction properly presented the issue in the case to the jury:
"The court instructs the jury that if they believe from the evidence
in this case that the plaintiff, in the month of February, 1897, sold
and delivered to the defendant, one hundred and sixty-four and one
half cords of wood at the stipulated price and sum of $1.50 per cord,
they will find the issues for the plaintiff in the sum of $246.75."

*Appeal from the Lawrence Circuit Court.*—HON. JOHN C.
LAMSON, Judge.

AFFIRMED.

WILLIAM B. SKINKER for appellant.

The court erred in admitting the oral evidence of
A. Hamer as to his relations with the defendant com-
pany. The contract under which he was acting being
in writing it could only be proved by the writing itself,
and it being admitted that this was the only contract
subsisting between himself and the defendant company,
it is clear from the terms of the same, that nothing
that he may have done was binding on the company
and all his statements as to contracting for and re-
ceiving the wood on the ground, with the under-
standing that this defendant would pay for it when used,
and that he was the agent and promoter of defend-
ant in this respect, was incompetent, and defendant's

objection to all his testimony, after the point where the attention of the court was called to the written contract marked exhibit "A," should have been sustained. The court erred in not permitting defendant to show by proper cross-examination of plaintiff, what he had admitted on the trial before the justice to be the true state of facts surrounding this transaction, viz., that all the wood sued for in this action, except fifty-six and one fourth cords, was sold and delivered to A. Hamer by the parties named in plaintiff's statement, prior to the first day of January, 1897, that the plaintiff had purchased these accounts and received from each of the respective parties an order in writing addressed to A. Hamer directing him to pay to plaintiff the respective sums due them and that such orders had never been accepted in writing by Hamer nor by anyone pretending to represent the defendant and that the said orders were lost before the commencement of this suit. If defendant had been permitted to show this state of facts it would have constituted a complete defense to all of plaintiff's demands, except the fifty-six and one fourth cords of wood, in view of the pleadings and other evidence in the case. R. S. 1889, sec. 719; Flato v. Mullhall, 72 Mo. 522. This evidence would also tend to show, as defendant maintains, that all the wood referred to in plaintiff's statement filed with the justice, was sold and delivered to Hamer on his individual credit and account in the fall of 1896, and even conceding that Lows, the general manager of defendant, thereafter agreed verbally to pay for it, still defendant would not be liable on account of such promise. R. S. 1889, sec. 5186; Rottman v. Fix, 25 Mo. App. 571. For these reasons the rejection of this evidence was error. The court also erred in excluding the construction contract of Hamer, marked exhibit "A," offered in evidence by defendant. It tended to

contradict the incompetent testimony of Hamer himself, admitted over the objection of defendant, and clearly establishes that Hamer occupied no such relations to the defendant company as would render it liable for his acts, or liable for the payment of this wood, even though it did afterward use it while operating the plant, after receiving the same from the contractor, Hamer. There was no legal or competent evidence before the jury that either Hamer or Strauser were at any time the agent or legal representative of defendant, and the court should have told the jury that defendant was not bound by any contract either of them may have made on defendant's behalf with the plaintiff, as was asked in instruction numbered 1, asked by defendant.

Jos. M. McPHERSON for respondent.

Appellant in his motion for a new trial and also in his "assignment of errors," complains only of the action of the court in rejecting legal and competent testimony on the part of the defendant and in admitting illegal and incompetent evidence on the part of the plaintiff, and also, in giving plaintiff's instruction numbered 1 and refusing to give two instructions of the defendant, numbered 2 and 3. The fact that plaintiff had one hundred and sixty-four and one half cords of wood, and that it was reasonably worth $1.50 per cord, or $246.75, and that it was all used by the defendant company, after it took charge, in the operation of its mining plant is not disputed. Neither is it questioned that H. C. Lows, manager of defendant company, and W. F. Strauser, superintendent of defendant company, together with the plaintiff, measured up the wood after the defendant took charge, and between the fifteenth and twentieth of February, 1897,

at the direction of the manager, Lows, and found that the plaintiff had the amount of wood claimed in this action. That the defendant's manager, H. C. Lows, then and there purchased from the plaintiff the wood sued for in this action and agreed to pay him $1.50 per cord or $246.75, and then and there entered it on the books of the defendant to the credit of the plaintiff, can not be questioned from the evidence in this case. This was the only question submitted to the jury under proper instructions from the court. The issues were for the plaintiff on the evidence and this court will not review the finding of the jury, besides there was abundant evidence to support the finding. The appellant next complains and assigns as error the action of the court in excluding the depositions of James Lang and Fred Mergendoller and the written contract for the construction of the plant, marked exhibit "A." This evidence was clearly incompetent. Plaintiff was not aware of the existence of such contract prior to the sale and delivery of the wood by him to the defendant. It is shown that the defendant used the wood sold in the operation of its mining plant and availed itself of the benefit of the contract. It can not now question its validity on the ground that its agents exceeded their authority in making the contract. Ten Broek v. Boiler Compound Co., 20 Mo. App. 19, and cases cited. H. C. Lows, manager of defendant, and witness on its behalf, expressly testified that he had authority from the defendant to buy wood and do all things necessary to operate the plant, but even if there had been no testimony on that point, the testimony shows that wood was necessary to the operation of the plant, and he would have had authority by virtue of his being agent or manager of the company, to buy wood for its operation. Kaes v. Lime Co., 71 Mo. App. 101. The action of the court in giving instruction number 1, on

behalf of the plaintiff is assigned as error. Plaintiff called as witnesses A. Hamer, one of the promoters and a stockholder of the defendant who testified that he was present when H. C. Lows, manager of the defendant, purchased the wood in question from the plaintiff and saw him enter the amount on the books of the defendant to the credit of the plaintiff, which was about the twentieth of February, 1897. Plaintiff next called W. F. Strauser, superintendent of the defendant at the time, who testified that he was ordered by Lows, the manager, to measure up the wood, and that he did so, and that Lows bought the wood from the plaintiff at that time, February 20, and agreed to pay plaintiff $1.50 per cord, or $246.75; that Lows then and there entered the amount on the books of the company to the credit of the plaintiff. Respondent asks that the judgment in this cause be affirmed with ten per cent damages. There is no merit in the appeal in this case. The judgment is manifestly for the right party. The only fact seriously insisted upon as a defense to this case is that the court erred in excluding a contract for the construction of this mining plant, being exhibit "A," and this contention is without any merit, in fact and this cause should be affirmed with damages. Ten Broek v. Boiler Compound Co., 20 Mo. App. 19; Kaes v. Lime Co., 71 Mo. App. 101.

BIGGS, J.—One A. Hamer is the owner of certain mining land in Lawrence county. In May, 1896, a syndicate was formed for the purpose of developing the mines on this land. Under an agreement with Hamer the members of the syndicate leased from him ten acres of the land, and they further agreed to pay him a certain amount of money to sink a shaft, build a smelter, put in pumps, and otherwise develop

the property, all of which was evidenced by a written agreement under date of May 1, 1896. Hamer built the smelter and operated it on his own account for several months. On the eighth of January, 1897, the members of the syndicate formed the defendant corporation and conveyed to it all of their property. The corporation received the possession of the property from Hamer about the eighth of February following. While Hamer was operating the plant he permitted parties in the neighborhood to stack cord wood on the ground of the company, with the understanding that he would pay for it if he used it. The plaintiff claims that in pursuance of this arrangement he placed upon the land one hundred and sixty-four and one half cords of wood; that Hamer did not use it, and that after the defendant took possession of the property he sold the wood to it at $1.50 per cord. The present action was instituted before a justice of the peace to recover the price of the wood. It was conceded that the plaintiff delivered the amount of wood claimed; that it had been used by the defendant, and that the plaintiff had not been paid for it. The defense was that the plaintiff sold the wood to Hamer; that the defendant had received it from Hamer as his property and had entered the amount to his credit on the books of the company. On a trial in the circuit court before a jury there was a judgment for the plaintiff. The defendant has appealed and complains of the action of the court in rejecting competent evidence offered by it, and in giving and refusing instructions.

STATEMENT.

At the request of the plaintiff the court gave the following instruction:

"The court instructs the jury that if they believe from the evidence in this case that the plaintiff, in the month of February, 1897, sold and delivered to the defendant, the C. C. C. Mining

INSTRUCTIONS.

Company, one hundred and sixty four and one half cords of wood at the stipulated price and sum of $1.50 per cord, they will find the issues for the plaintiff in the sum of $246.75."

The objection urged against this instruction is that it ignores the defense which the evidence for the defendant tended to prove. This is a mistake. The instruction merely tells the jury that if the plaintiff sold and delivered the wood to the defendant, then the verdict must be for the plaintiff. Under the instruction the jury was at liberty to consider the countervailing proof offered by the defendant—that is, that the sale was made to Hamer, and not to the defendant.

The court refused to give the following instructions asked by the defendant:

"1. The court instructs the jury that if you find from the evidence that the plaintiff delivered the wood on the ground of the defendant company prior to the 8th day of January, 1897, for and under contract with the witness Hamer or his superintendent Strauser, then you will find the issues for the defendant, even though you may believe from the evidence that the witness Lows as agent of the defendant, afterward promised, verbally, to pay plaintiff for the same."

"2. The court instructs the jury that there is no evidence to show that either Hamer or William Strauser was agent or legal representative of the defendant company, and in determining the issues in this case you will disregard any and all declarations and statements of said Hamer and Strauser relative to any contract claimed to have been made by either of them with the plaintiff for and on behalf of defendant."

*Refused instructions: reasons for refusing them.*

The first instruction was properly refused, for the reason that it required only that the wood should have been delivered to and not bought by Hamer. It was

conceded by the plaintiff that the wood was delivered at the plant while Hamer was in charge of the business, but all of his testimony tended to prove that the wood was to be sold to Hamer, provided he found that he needed it in running the mill. It is apparent that the instruction is insufficient, and if it had been given would probably have misled the jury. The second instruction was also properly refused, because there is no evidence that Hamer undertook to bind the defendant in the purchase of the wood, and it is undisputed that Strauser was the superintendent of the business of the company in operating the mill, which *prima facie* gave him authority to purchase necessary fuel.

For the purpose of showing that Hamer had no authority to bind the defendant in contracts for the purpose of fuel, the defendant offered in evidence the contract between the members of the syndicate and Hamer, and also the depositions of two of the defendant's officers. This evidence was irrelevant and the court did right in rejecting it. The plaintiff did not claim that Hamer bought the wood for the defendant.

There is some evidence tending to prove that some of the wood was cut by other parties from land belonging to plaintiff and that these parties hauled the wood to the smelter, under the general arrangement testified to by Hamer and other witnesses, that Hamer would pay for the wood if he used it. On the cross-examination of plaintiff the attorney for the defendant sought to prove by him that at the trial before the justice he testified that the parties who cut the wood gave him written orders on Hamer for the purchase price of the wood, and that neither Hamer nor defendant accepted the orders. It is claimed that the testimony sought to be elicited had some tendency to prove that Hamer had purchased the wood outright. We do not

think so.   If the orders had been accepted by Hamer, then the effect of the proffered evidence would have been as claimed.

We are of the opinion that the judgment is for the right party and it ought to be affirmed.   All concur.